Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for Defendant
BOMIN BUNKER OIL CORPORATION
150 E 42nd Street
New York, NY 10017
(212) 490-3000 - Telephone
(212) 490-3038 – Facsimile
Frederick W. Reif
frederick.reif@wilsonelser.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
LIBERTY GLOBAL LOGISTICS LLC,           :
                                        :
                  Plaintiff,  :  **ECF Case**
                                        :
  -against-                             :  **DEFENDANT'S ANSWER AND**
                                        :  **AFFIRMATIVE DEFENSES**
BOMIN BUNKER OIL CORP.,                 :
                                        :  Case No: 19-cv-03842-PAE
                  Defendant.  :
---------------------------------------------------------- x

Defendant BOMIN BUNKER OIL CORPORATION (hereinafter "Bomin"), by and through undersigned counsel, hereby makes its restricted appearance with full reservation of all rights and defenses pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions of the Federal Rules of Civil Procedure relating to *in rem*, *quasi in rem*, and *in personam* jurisdiction, venue, service, sufficiency of process and attachment, and the General Maritime Law, and subject thereto, as and for its Answer to the Complaint of Plaintiff LIBERTY GLOBAL LOGISTICS LLC, states as follows:

1

# JURISDICTION[1]

1. Bomin admits the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint that this matter falls within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of civil Procedure.

2. Bomin lacks sufficient knowledge or information to form a belief as the truth of the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint, and therefore denies same.

3. In response to Paragraph 3 of Plaintiff's Verified Complaint, Bomin admits that it is a corporation organized and existing under the laws of the State of Texas. Bomin further admits that it is engaged in the sale and physical supply of marine bunker fuel to ocean-going vessels, among other related services. Bomin denies the remaining allegations in Paragraph 3 of Plaintiff's Verified Complaint.

4. In response to Paragraph 4 of Plaintiff's Verified Complaint, Bomin denies the allegations asserting Plaintiff and Bomin entered into an oral contract. Bomin lacks sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Verified Complaint, concerning Plaintiff's alleged communications and dealings with Integr8 Fuels Inc., and therefore denies same.

5. In response to Paragraph 5 of Plaintiff's Verified Complaint, Bomin admits that on or about March 8, 2018, it supplied approximately 1300 Metric Tons of RMG 380 and 300 Metric

---

[1] The following Answer reproduces Plaintiff's subheadings for the Court's convenience and reference only, and makes no admission with respect to any implied allegations or characterizations contained in such subheadings by adopting this convention. This includes, by way of example, the implied allegations in Plaintiff's subheading, reproduced below, asserting "Bomin Not Found Within the District." All allegations not expressly admitted in the following responses are hereby denied.

tons of DMA MGO with the referenced Sulphur content limits to the *M/V Liberty Peace*. Bomin denies the remaining allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6. In response to Paragraph 6 of Plaintiff's Verified Complaint, Bomin denies the allegations concerning "the making of the contract." Bomin lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Verified Complaint concerning Plaintiff's communications and dealings with Integr8 Fuels Inc., and therefore denies same.

7. In response to Paragraph 7 of Plaintiff's Verified Complaint, Bomin admits that on or about March 8, 2018, it supplied approximately 1300 Metric Tons of RMG 380 and 300 Metric tons of DMA MGO to the *M/V Liberty Peace*. Bomin denies the remaining allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

8. Bomin lacks sufficient knowledge or information to form a belief as the truth of the allegations contained in Paragraph 8 of Plaintiff's Verified Complaint, and therefore denies same.

9. Bomin lacks sufficient knowledge or information to form a belief as the truth of the allegations contained in Paragraph 9 of Plaintiff's Verified Complaint, and therefore denies same.

10. Bomin lacks sufficient knowledge or information to form a belief as the truth of the allegations contained in Paragraph 10 of Plaintiff's Verified Complaint, and therefore denies same.

11. Bomin lacks sufficient knowledge or information to form a belief as the truth of the allegations contained in Paragraph 11 of Plaintiff's Verified Complaint, and therefore denies same.

12. Bomin lacks sufficient knowledge or information to form a belief as the truth of the allegations contained in Paragraph 12 of Plaintiff's Verified Complaint, and therefore denies same.

13. In response to Paragraph 13 of Plaintiff's Verified Complaint, Bomin denies the allegations concerning contamination of any marine bunker fuel supplied by Bomin. Bomin lacks

9877347v.1

sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Verified Complaint, and therefore denies same.

14. In response to Paragraph 14 of Plaintiff's Verified Complaint, Bomin denies the allegations that a "defect" as to any marine bunker fuel supplied by Bomin "caused the seizure of [the *M/V Liberty Peace*'s] engines." Bomin lacks sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Verified Complaint, and therefore denies same.

15. In response to Paragraph 15 of Plaintiff's Verified Complaint, Bomin denies the allegations concerning any "engine damage" caused by marine bunker fuel supplied by Bomin. Bomin further denies the allegations in Paragraph 15 of Plaintiff's Verified Complaint concerning contamination of any marine bunker fuel supplied by Bomin. Bomin lacks sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Verified Complaint concerning Plaintiff's operational decisions related to the *M/V Liberty Peace*. Bomin admits the allegations in Paragraph 15 of Plaintiff's Verified Complaint concerning Bomin's re-purchase of de-bunkered marine fuel from the *M/V Liberty Peace*, and therefore denies same.

16. In response to Paragraph 16 of Plaintiff's Verified Complaint, Bomin denies the allegations contained in Paragraph 16 of Plaintiff's Verified Complaint concerning contamination of any marine bunker fuel supplied by Bomin. Bomin lacks sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Verified Complaint, and therefore denies same.

17. In response to Paragraph 17 of Plaintiff's Verified Complaint, Bomin lacks sufficient knowledge or information to form a belief as the truth of the allegations concerning the

amount of Plaintiff's damages, and therefore denies same. Bomin denies the remaining allegations contained in Paragraph 17 of Plaintiff's Verified Complaint.

## CLAIM I – BREACH OF CONTRACT

18. In response to Paragraph 18 of Plaintiff's Verified Complaint, Bomin repeats and incorporates by reference it responses to Paragraphs 1 through 18 above, as if fully set forth herein.

19. Bomin denies the allegations contained in Paragraph 19 of Plaintiff's Verified Complaint.

## CLAIM II – BREACH OF EXPRESS WARRANTY

20. In response to Paragraph 20 of Plaintiff's Verified Complaint, Bomin repeats and incorporates by reference it responses to Paragraphs 1 through 20 above, as if fully set forth herein.

21. Bomin denies the allegations contained in Paragraph 21 of Plaintiff's Verified Complaint.

## CLAIM III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

22. In response to Paragraph 22 of Plaintiff's Verified Complaint, Bomin repeats and incorporates by reference it responses to Paragraphs 1 through 22 above, as if fully set forth herein.

23. Bomin denies the allegations contained in Paragraph 23 of Plaintiff's Verified Complaint.

## CLAIM IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

24. In response to Paragraph 24 of Plaintiff's Verified Complaint, Bomin repeats and incorporates by reference it responses to Paragraphs 1 through 24 above, as if fully set forth herein.

25. Bomin denies the allegations contained in Paragraph 25 of Plaintiff's Verified Complaint.

9877347v.1

## CLAIM V - NEGLIGENCE

26. In response to Paragraph 26 of Plaintiff's Verified Complaint, Bomin repeats and incorporates by reference it responses to Paragraphs 1 through 26 above, as if fully set forth herein.

27. Bomin denies the allegations contained in Paragraph 27 of Plaintiff's Verified Complaint.

## BOMIN NOT FOUND WITHIN THE DISTRICT

28. In response to Paragraph 28 of Plaintiff's Verified Complaint, Bomin admits that it has a bank account with UniCredit Bank AG, 150 East 42nd Street, New York, NY 10017. Bomin lacks sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 28 of Plaintiff's Verified Complaint, and therefore denies same.

29. In response to Paragraph 29 Bomin admits that Plaintiff remitted payments to Bomin to a bank account held at UniCredit Bank AG, and Bomin remitted funds to Plaintiff from a bank account held at UniCredit Bank AG. Bomin further admits that it supplies fuel to other vessels. Bomin lacks sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Verified Complaint, and therefore denies same.

30. Bomin denies the allegations contained in Paragraph 30 of Plaintiff's Verified Complaint, and further denies that Plaintiff is entitled to any of the relief sought therein.

31. Bomin denies the allegations contained in the Prayer of Plaintiff's Verified Complaint, inclusive of subsections A-E, and further denies that Plaintiff is entitled to any of the relief sought therein.

## AFFIRMATIVE DEFENSES

32. As and for its Affirmative Defenses, Bomin states as follows:

### First Affirmative Defense

33. As and for a first and complete defense, Plaintiff's Verified Complaint fails to state causes of action against Bomin for which any relief can be granted.

### Second Affirmative Defense

34. As and for a second, separate, and complete defense and/or in the alternative, Bomin had no direct contractual relationship with Plaintiff relative to the sale of marine fuel on the occasion in question and therefore owed no contractual duties to Plaintiff.

### Third Affirmative Defense

35. As and for a third, separate, and complete defense and/or in the alternative, Bomin owed no tort duty and breached no tort duty to Plaintiff on the occasion in question.

### Fourth Affirmative Defense

36. As and for a fourth, separate, and complete defense and/or in the alternative, Bomin's General Conditions of Sale and Delivery, effective from January 1, 2006 (hereinafter "General Conditions"), are paramount to and supersede any other terms and conditions of sale and delivery alleged by Plaintiff to govern, in whole or in part, the terms and conditions of sale and delivery of marine fuel between Bomin and Plaintiff on the occasion in question.

### Fifth Affirmative Defense

37. As and for a fifth, separate, and complete defense and/or in the alternative, Bomin pleads as an affirmative defense Bomin's General Conditions including, but not limited to, Sections 5.1 through 5.7, Sections 8.1 through 8.3 and Section 14.1 thereof.

### Sixth Affirmative Defense

38. As and for a sixth, separate, and complete defense and/or in the alternative, on or about March 8, 2018, Bomin sold and delivered marine fuel of the type and quality requested by

9877347v.1

Plaintiff and/or the vessel interests for the M/V Liberty Peace, and the marine fuel was "on-spec" at the time it left the possession of Bomin.

**Seventh Affirmative Defense**

39. As and for a seventh, separate, and complete defense and/or in the alternative, Bomin pleads as an affirmative defense that any quality complaint by Plaintiff in relation to the marine fuel at issue has been waived and is time-barred pursuant to the operative contractual terms between Bomin and Plaintiff and/or the vessel interests for the M/V Liberty Peace.

**Eight Affirmative Defense**

40. As and for an eighth, separate, and complete defense and/or in the alternative, Plaintiff's injuries and damages, which are not admitted but rather are expressly denied, were caused or contributed to by the contributory or comparative negligence of Plaintiff, in whole or in part.

**Ninth Affirmative Defense**

41. As and for a ninth, separate, and complete defense and/or in the alternative, the conduct of others, including, but not necessarily limited to, Plaintiff and/or the vessel interests for the M/V Liberty Peace, and its/their management, agents, servants and employees, constitutes an intervening or superseding cause of any damages allegedly sustained by Plaintiff.

**Tenth Affirmative Defense**

42. As and for a tenth, separate, and complete defense and/or in the alternative, the marine fuel at issue did not cause or contribute to Plaintiff's alleged injuries and damages, which are not admitted but rather are expressly denied.

**Eleventh Affirmative Defense**

43. As and for an eleventh, separate, and complete defense and/or in the alternative, Plaintiff assumed the risk regarding the initial use of the marine fuel at issue and/or assumed the

risk regarding the continued use of the marine fuel at issue once alleged problems (if any) with same were initially encountered.

**Twelfth Affirmative Defense**

44. As and for a twelfth, separate, and complete defense and/or in the alternative, the marine fuel at issue was not contaminated, of inferior quality, unfit or defective, whether as alleged or otherwise.

**Thirteenth Affirmative Defense**

45. As and for a thirteenth, separate, and complete defense and/or in the alternative, Bomin exercised due diligence in supplying the marine fuel at issue.

**Fourteenth Affirmative Defense**

46. As and for a fourteenth, separate, and complete defense and/or in the alternative, Plaintiff altered the marine fuel at issue after it left the possession of Bomin, thus creating an unforeseeable risk of harm (if any) to Plaintiff and an intervening or superseding cause of Plaintiff's alleged injuries and damages, which are not admitted but rather are expressly denied.

**Fifteenth Affirmative Defense**

47. As and for a fifteenth, separate, and complete defense and/or in the alternative, Plaintiff has failed to mitigate and/or properly and/or timely mitigate any injuries and damages that it claims to have suffered.

**Sixteenth Affirmative Defense**

48. As and for a sixteenth, separate, and complete defense and/or in the alternative, the M/V Liberty Peace was unseaworthy prior to and/or at the inception of and/or throughout the course of the voyage at issue, and such unseaworthiness was the proximate and/or producing cause of any injuries and damages that Plaintiff claims to have suffered.

## RESERVATION OF RIGHTS

49. Any and all allegations not specifically admitted herein are hereby denied.

50. Bomin avers that it has not knowingly or intentionally waived any applicable affirmative defenses, and hereby reserves the right to move to amend and/or supplement its Answer, pursuant to Supplemental Rule E(8), to Plaintiff's Verified Complaint or any subsequent Amended Complaint to assert such additional defenses as may become necessary during the course of discovery and other proceedings in this case.

## PRAYER FOR RELIEF

WHEREFORE, Bomin Bunker Oil Corporation respectfully prays that this Honorable Court enter an Order (i) dismissing Plaintiff's claims against Bomin Bunker Oil Corporation with prejudice, (ii) entering final judgment in Bomin Bunker Oil Corporation's favor, (iii) awarding Bomin Bunker Oil Corporation its costs and fees incurred in connection with the defense of this matter, and the enforcement of its rights under the applicable General Conditions, including attorneys' fees, and (iv) awarding Bomin Bunker Oil Corporation such other and further relief, both in admiralty and in equity, to which it may show itself to be justly entitled.

DATED: June 5, 2019

        Wilson Elser Moskowitz Edelman & Dicker LLP
        Attorneys for Defendant
        BOMIN BUNKER OIL CORPORATION

        */s/ Frederick W. Reif*
        Frederick W. Reif
        Nathan T. Horst
        150 E 42nd Street
        New York, NY 10017
        (212) 490-3000 - Telephone
        (212) 490-3038 – Facsimile
        frederick.reif@wilsonelser.com
        nathan.horst@wilsonelser.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 5th day of June, 2019, a true and correct copy of the Bomin Bunker Oil Corporation's Answer Pursuant to Supplemental Rule E(8) to Plaintiff's Verified Complaint has been served upon all counsel of record via the Court's CM/ECF system to all parties indicated on the electronic filing receipt.

                                                */s/ Nathan T. Horst*
                                                NATHAN T. HORST

9877347v.1