

September 30, 2019

**Frederick W. Reif**
(212) 916-5710 (direct)
frederick.reif@wilsonelser.com

Hon. Paul A. Engelmayer, U.S.D.J.
Thurgood Marshall United States Courthouse
Courtroom 1305
40 Foley Square
New York, NY 10007

    Re:    *Liberty Global Logistics LLC v. Bomin Bunker Oil Corp.*,
              19-cv-03842-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

        This firm represents defendant Bomin Bunker Oil Corporation in the above-captioned matter. Pursuant to the Civil Case Management Plan and Scheduling Order, entered by this Court July 11, 2019, and pursuant to Paragraph 3(H) of Your Honor's Individual Motion Practices & Rules, Defendant respectfully submits this letter to request a Pre-Motion Conference to hear Defendant's request for leave to file a Motion for Partial Summary Judgment on Defendant's Fourth Affirmative Defense. The basis for this request is as follows.

        Rule 56(a) permits parties to move for partial summary as to particular claims or defenses, which afford the Court the opportunity to narrow the scope of issues in a litigation. In this case, the dispute turns upon the existence of a contract between the parties, entered into on or around March 1, 2018, for the sale of marine bunker fuel to supply the vessel *M/V Liberty Peace*. It would significantly streamline the proceedings if the binding terms of that contract – a key threshold issue – can be clearly and indisputably determined as a matter of law.

        Defendant contends that the contract's contents can be determined as a matter of law. In its Answer, filed June 5, 2019, Defendant asserted numerous affirmative defenses, including its Fourth Affirmative Defense, which asserts that:

> Bomin's General Conditions of Sale and Delivery, effective from January 1, 2006 (hereinafter "General Conditions"), are paramount to and supersede any other terms and conditions of sale and delivery alleged by Plaintiff to govern, in whole or in part, the terms and conditions of sale and delivery of marine fuel between Bomin and Plaintiff on the occasion in question.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

10167117v.1



- 2 -

(Dkt. 12, ¶ 36). Thus, Defendant argues that its General Conditions form an integral part of the parties' bargain.

As Defendant will show in its proposed Motion for Partial Summary Judgment, the undisputed facts and well-settled law of contract formation warrant a judgment finding that the General Conditions are part of the contract under Defendant's Fourth Affirmative Defense.

Documents exchanged between the parties, including documents attached to Plaintiff's own pleadings, demonstrate that on March 1, 2018, a series of communications established a contract between the parties, with the General Conditions forming a fundamental part of that agreement. These communications show that the Plaintiff issued a Purchase Order constituting an offer to buy fuel from Defendant at particular grades, quantities, and prices, an offer which Defendant accepted *subject to its General Conditions*. At no time did Plaintiff object to these General Conditions, acceding to their inclusion in the contract.

Under the governing law of contract formation – including principles set forth in the Uniform Commercial Code and judicial precedents interpreting their requirements – the General Conditions became part of the bargain through this process of offer and acceptance, and through Plaintiff's lack of objection to the General Conditions at the time of the contract's formation. *See U.C.C.* § 2-207.

Accordingly, it is in the interests of efficiency and expeditious resolution of this dispute to permit Defendant the opportunity to make its Motion for Partial Summary Judgment, and resolve this discreet and crucial issue underlying the case. For the foregoing reasons, Defendant respectfully requests a conference to set a briefing schedule on its proposed motion. If granted leave, Defendant will be in a position to file its motion immediately.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

*/s/ Frederick W. Reif*

Frederick W. Reif

cc:   All counsel of record (via ECF)

10167117v.1