UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                               :

LIBERTY GLOBAL LOGISTICS LLC,         :

                                               :              19 Civ. 3842 (PAE)

                                Plaintiff,     :

                                               :                 ORDER

                        -v-                       :

                                               :

BOMIN BUNKER OIL CORP.,           :

                                               :

                                   Defendant.     :

                                               :
------------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

        Plaintiff Liberty Global Logistics LLC ("Liberty") seeks damages from defendant Bomin

Bunker Oil Corp. ("Bomin"), arising from Bomin's supply of allegedly defective fuel oil to

Liberty's vessel, the M/V Liberty Peace (the "Vessel"). The Court has reviewed the parties'

recent correspondence regarding a series of discovery disputes. Dkts. 33–38. Each party objects

to certain document requests and to the scope of the 30(b)(6) deposition notice served by the

other party.

## I.      Bomin's Objections

        Bomin objects to 16 document requests and to 10 topics on which Liberty seeks to

depose Bomin's designated 30(b)(6) witness, all of which relate to defendant's supply of fuel to

vessels other than the one directly at issue in this case. Bomin also objects to two topics

involving Bomin's communications with underwriters regarding fuel supplied to the Vessel.

        The Court agrees with Liberty that these topics are relevant and that the requested

discovery is appropriate. The topics relate to Bomin's supply of fuel oil under similar

circumstances to those at issue in this litigation and during the relevant time period. To the

extent that Bomin's concerns regarding impingement of the attorney-client privilege stemming from questions about defendant's communications with its underwriters actually materialize, defendant is free to invoke the attorney-client privilege and instruct the witness not to answer a particular question. *See generally United States v. Kovel*, 296 F.2d 918, 921–22 (2d Cir. 1961) (distinguishing communications with agents of an attorney from general business communication). The application of the attorney-client privilege to these topics may vary depending on the question posed to the witness, and it would be premature for the Court to rule categorically on these topics in advance of the 30(b)(6) deposition.

## II.     Liberty's Objections

Liberty, in turn, objects to several sets of the 39 topics listed in defendant's proposed 30(b)(6) notice. Liberty first objects to Topic No. 2, which seeks to depose Liberty with respect to sub-charter parties (contracts for the hiring out of the Vessel) from August 2017 to the present. The Court agrees that the period specified is overly broad; Bomin may depose Liberty on this topic for the period from November 2017 to May 2019.

Topics Nos. 3 and 4 seek to depose Liberty with respect to responses and objections by Liberty to Bomin's interrogatories and requests for production. The Court agrees with Liberty that the testimony defendant seeks with regard to Liberty's responses and objections by plaintiff in this case trespasses into areas of work product and attorney-client privilege. Similarly, Topic Nos. 12, 31–39 seek testimony on the factual bases for contentions and legal conclusion stated in the complaint. Such testimony also clearly and categorically implicates attorney-work product and attorney-client privilege, and therefore is beyond the scope of appropriate discovery.

Topics Nos. 5 and 6 seek testimony regarding Liberty's organizational structure and related information. Such testimony may be relevant, and the Court therefore disregards Liberty's objections as to these topics.

Topic No. 14 seeks testimony on the operation and management of the Vessel in 2017 and 2018. While this is clearly an appropriate general area of discovery in this litigation, the proposed Topic is significantly overbroad in its current formulation. Accordingly, the Court directs Bomin to specify in the 30(b)(6) notice it serves on Liberty the particular subjects on which it seeks testimony from Liberty's designated witness.

Topics Nos. 15, 17–19, and 30 seek testimony regarding the existence and location of various records, without limiting the period covered. The Court agrees with Liberty that the indefinite period is overly broad, and directs that the period for this Topic is limited to 2018 to the present.

Topics Nos. 16 and 29 seek testimony concerning (1) an alleged dispute between Liberty and the union that represented the Vessel's engineers and (2) how the costs sustained by Liberty as a result of Bomin's alleged conduct was accounted for in Liberty's financial records and tax returns. Bomin may make a limited inquiry into the union dispute, solely as it relates to the issue of whether Liberty properly crewed and maintained the Vessel. Otherwise, these are irrelevant areas of inquiry, and thus inappropriate Topics for discovery here.

Topic No. 20 seeks testimony on the identity of the individuals who entered into the oral contract for the supply of the subject fuel oil. Those individuals were identified by name in Exhibit 1 attached to the complaint, which satisfies Bomin's inquiry into this Topic.

Finally, Liberty objects to Bomin's request to inspect the Vessel. The Court agrees with Bomin and directs Liberty to coordinate a date for Bomin to inspect the Vessel.

**III.    Additional Issues**

The parties raised several additional issues.  First, Bomin has asked the Court to reconsider its rejection of Bomin's request for permission to file a motion for partial summary judgment on the limited issue of whether the writing between the parties formed a written contract incorporating Bomin's standard conditions of sale.  That request remains denied.

Second, Bomin seeks a 90-day extension of the fact and expert discovery periods.  The Court grants this request in part:  the deadline for fact discovery is extended to March 23, 2020; the deadline for expert discovery is extended to May 9, 2020; the case management conference scheduled for March 3, 2020 is adjourned to May 12, 2020 at 10 a.m.

Third, Liberty argues that it was never served with a final 30(b)(6) deposition notice. The Court directs Bomin to serve Liberty with a final deposition notice that incorporates the Court's rulings in this Order forthwith, and, in any event, no later than February 3, 2020.

In the event that any further discovery disputes arise, the Court urges counsel to attempt to resolve such disputes collegially, without involvement of the Court.


SO ORDERED.


Paul A. Engelmayer
United States District Judge


Dated: January 24, 2020
       New York, New York