UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTY GLOBAL LOGISTICS LLC,

                              Plaintiff,

              -v-

BOMIN BUNKER OIL CORP.,

                             Defendant.

19 Civ. 3842 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Liberty Global Logistics LLC ("Liberty") seeks damages from defendant Bomin Bunker Oil Corp. ("Bomin"), arising from Bomin's supply of allegedly defective fuel oil to Liberty's vessel, the M/V Liberty Peace (the "Liberty Peace"). The Court has reviewed the parties' recent letter motions regarding a discovery dispute over information relating to other vessels that Liberty believes suffered similar harm as a result of similarly defective fuel oil. Dkts. 47 ("Liberty Ltr."), 48 ("Bomin Ltr.").

      Previously, the Court addressed a similar dispute arising from Liberty's request for the production of documents regarding claims made against Bomin with respect to two other vessels "for off-specification or inferior quality marine fuel oil delivered in March 2018 by the same bunker barge (MGI 2332) and sourced from the same shore tank (100-3) as the marine fuel supplied to the M/V Liberty Peace on or about March 8, 2018." Dkt. 33 at 1. The Court held that such documents were relevant to this action because they "relate to Bomin's supply of fuel oil under similar circumstances to those at issue in this litigation and during the relevant time period," and ordered Bomin to produce them. Dkt. 39 at 1. On February 20, 2020, Bomin did so. Bomin Ltr. at 1.

Documents in that production, however, referred to several additional vessels that appear also to have been the subject of claims for defective fuel oil against Bomin between March and May of 2018. *See* Dkt. 47-2 at 11 (email listing the Sea Sp[i]rit, Endeavor, Navigator Pegasus, Sea Muse, Philine Schulte, Bomar Resolute, and Advantage Arrow, along with the Liberty Peace and the previously disclosed other two vessels, and noting that "[w]e need all samples related to these deliveries retained indefinitely").

On September 10, 2020, eight months after receiving that production, Liberty served additional requests for production on Bomin. Liberty Ltr. at 1. Through those requests, Liberty sought, *inter alia*, "[a]ll notices of Quality Claims presented to Bomin concerning Fuel supplied by Bomin in the Gulf Coast Region of the United States of America" between February and May 2018. Dkt. 47-1 ¶ 1. On October 13, 2020, Bomin objected to that request on the ground that it sought irrelevant material and was disproportionate to the needs of the case. *Id.* In the parties' subsequent meet-and-confer negotiations, Bomin represented that none of the additional claims at issue related to vessels that were supplied from the same shore tank as was the Liberty Peace. Liberty Ltr. at 2 & n.1. Moreover, Bomin maintains that those claims are unrelated to the fuel supplied to the Liberty Peace, the suppliers who provided that fuel, or the bunker barge that delivered the fuel to the Liberty Peace. Bomin Ltr. at 2.

On November 24, 2020, Liberty filed a letter motion seeking an order compelling the production of all requested records relating to bunker-quality claims asserted against Bomin between February and May 2018. Liberty Ltr. at 3. On December 1, 2020, Bomin opposed that letter and sought a protective order shielding it from further requests by Liberty, arguing that Liberty's requests are irrelevant, unduly burdensome, and impermissibly late. Bomin Ltr. at 2. The Court holds with Liberty.

First, the requested documents are relevant and proper subjects of discovery. As the Court has held, claims relating "to Bomin's supply of fuel oil under similar circumstances to those at issue in this litigation and during the relevant time period" are relevant and appropriate subjects of discovery in this action. Dkt. 39 at 1. Unlike the two vessels at issue in the Court's prior order, the vessels about which Liberty now seeks discovery did not receive fuel from the same tank or bunker barge as did the Liberty Peace. *See* Liberty Ltr. at 2 & n.1; Bomin Ltr. at 2. But later discovery has revealed that the problems with Bomin's fuel appear to have been far more widespread than that tank or bunker alone. *See* Dkt. 47-4 ("Terracciano Tr.") (testimony of Bomin claims handler that, in "early 2018," Bomin received claims from "[e]very supplier . . . that I know" regarding "off-specification fuel-oil that was supplied" by Bomin); *id.* at 19–24 (listing vessels as to which Bomin received claims regarding defective fuel oil); Dkt. 47-3 (email from Bomin to Exxonmobil Oil Corporation ("Exxon") reporting that deliveries of 78,000 barrels of fuel oil sold by Exxon to Bomin led to customer complaints of damage caused by off-specification products). That evidence belies Bomin's unsupported assertion that Liberty's claims are wholly unrelated to those other, roughly contemporaneous claims. *See* Bomin Ltr. at 2. And it suggests that other claims in the same region, during the same four-month window, present "similar circumstances to those at issue in this litigation." Dkt. 39 at 1. The existence and nature of such claims has clear potential to bear on whether the fuel oil Bomin sold to Liberty was defective or was the likely cause of any damages Liberty allegedly suffered.

Second, the timing of Liberty's latest requests for production does not preclude its discovery of that information. When Liberty served those requests on September 10, 2020, the Court had already extended the parties' deadline to complete fact discovery to December 31, 2020. *See* Dkt. 45. Although it appears that Liberty could have sought such documents sooner, *see*

3

Bomin Ltr. at 2, doing so more than three months before the close of fact discovery is hardly an "eleventh-hour request," *id.*, and should not bar discovery of relevant information.

Accordingly, Bomin's records and information relating to the contemporaneous claims of other vessel owners for defective fuel oil are proper subjects of discovery. Bomin is directed to produce the requested records relating to such claims between February and May 2018. Except as to the extent that such records are protected by an applicable privilege, any records relating to such claims shall be produced in un-redacted form.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 2, 2020
       New York, New York