Cardillo & Corbett
Attorneys for Plaintiff
LIBERTY GLOBAL LOGISTICS LLC
145 Hudson Street
New York, New York 10013
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto
James P. Rau
tprieto@cardillocorbett.com
jrau@cardillocorbett.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LIBERTY GLOBAL LOGISTICS LLC,

                              Plaintiff,

                                                                       19 Civ. 3842 (PAE)(SN)

   -against-

BOMIN BUNKER OIL CORP.,

                              Defendant.
----------------------------------------------------------------x

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT'S
EXPERT REBUTTAL REPORTS AND PROFFERED TESTIMONY**

**I.   INTRODUCTION**

      Plaintiff, Liberty Global Logistics LLC ("Liberty"), moves to remedy the prejudicial effects of Defendant, Bomin Bunker Oil Corp.'s ("Bomin"), failure to timely disclose its expert witnesses and reports in accordance with the Court's Scheduling Order (the "Order")[1] and Fed. R. Civ. P. Rules 26 and 37. The Order required the disclosure of expert reports of the party with the burden of proof to be disclosed before those of the opposing party's experts (¶7(b)). Instead of complying with the Order, Bomin submitted reports, under the pretense of their being

---
[1] The Seventh Amended Civil Case Management Plan and Scheduling Order dated March 22, 2021 (Doc. 57), was in effect when the expert reports at issue were disclosed.

{NY239571.4 }

rebuttal reports, which contained opinions purporting to support several of its affirmative defenses with respect to which Bomin has the burden of proof. Bomin's misconduct deprived Liberty of the opportunity to respond to the contentions advanced by Bomin's experts in support of Bomin's affirmative defenses.

It is respectfully submitted that the Court should remedy the prejudice suffered by Liberty by precluding Bomin from introducing the reports or testimony of its experts, John Daly, Gregory McCormack, and Paul Foran, at trial pursuant to Rules 26(a) and 37(c)(1).

## II. BACKGROUND

This case arises out of an industry-wide event that struck the Gulf Coast Region of the United States in the first half of 2018. The problem affected so many vessels that it became known in the maritime industry as "The Houston Bunker Problem." Bomin, a well-known supplier of bunkers (marine fuel oil), supplied Liberty's vessel, the M/V LIBERTY PEACE (the "Vessel") with bunkers in Beaumont, Texas, in the Gulf Coast region of the United States. Bomin breached its contractual obligations to Liberty when it supplied off-specification marine fuel to the Vessel on March 8, 2018. Because of the off-spec fuel supplied to the Vessel, it suffered serious damage to its generators and main engines resulting in the loss of power and propulsion in route to the Suez Canal while on a U.S. Military Sealift Command assignment to deliver mission-critical cargo to American soldiers in the Middle East. Thereafter, Liberty commenced this action to recover damages.

### Bomin's Defiance of the Scheduling Order

The Order fixed April 16, 2021 as the deadline to complete discovery. The parties agreed to the following expert discovery schedule:

> April 2 – The parties disclose their experts on issues with respect to which they bear the burden of proof and produce their reports and underlying documents

>April 9 – The parties disclose their rebuttal experts and produce their reports and underlying documents

>April 12 - 16 – Expert depositions

In accordance with the agreed schedule, on April 2, 2021, the parties disclosed the experts opining on issues with respect to which they bear the burden of proof. Thus, on April 2, Liberty disclosed Christopher Fisher as its expert witness on the issue whether contaminants in the fuel supplied by Bomin were the cause of the engine damage sustained by the Vessel. On the same date (Defendants Exh. 120 ), Bomin disclosed Therese S. Ignozzi-Little as its expert with respect to the issue of whether Bomin's General Conditions of Sale and Delivery (the "GCS") were incorporated as a matter of trade usage into the fuel supply contract between Bomin and Liberty. The GCS are relied upon by Bomin in the Fourth, Fifth and Seventh Affirmative Defenses in its Answer to the Complaint to contend that the GCS bar or limit Liberty's claims.

On April 9, 2021, Liberty disclosed its rebuttal expert, Andrew Tolson, on the issue of whether the GTC were incorporated into the fuel supply contract and produced Mr. Tolson's report, rebutting and contradicting Ms. Ignozzi-Littele's opinions on the subject. (Plaintiff's Exh. 43). On the same date, Bomin disclosed three experts and produced their three reports, purportedly to rebut the report of Mr. Fisher. The three Bomin experts were John Daly, Paul Foran, and Gregory McCormack. (Defendants Exh. 121, 122, and 123). Instead of addressing Mr. Fisher's report, Bomin's experts introduced new theories and arguments with respect to which Bomin has the burden of proof.

**The Report by John Daly**

Thus, in his report, Mr. Daly contends that: (1) the crew was contributorily negligent for improperly handling and treating the off-spec fuel supplied to the Vessel by Bomin; and (2) that Liberty was contributorily negligent in its lack of proper oversight of its Engineering Department

and crew when the Vessel was underway (Defendants Exh. 121, p. 2-3). Bomin has the burden of proof to establish contributory negligence, and indeed Bomin alleged contributory negligence as required under Fed. R. Civ. P. Rule 8(c) as an affirmative defense in its Answer to the Complaint in paragraphs 40 and 41. In defiance of the Order, however, Bomin failed to produce Mr. Daly's report on April 2. This deprived Liberty of the opportunity to rebut Mr. Daly's contentions with expert evidence.

### The Report by Gregory McCormack

The same is true of the reports by Mr. McCormack. Mr. McCormack opined that Liberty and the crew were negligent in that the fuel supplied by Bomin to the Vessel "was comingled with other Fuel Oil by Liberty Peace without verification of compatibility as recommended by industry best practices. It is more likely than not that the plugging of the machinery was caused by the comingling of the fuels" (Defendants Exh. 123, p. 17) and "the failure to verify the compatibility of the fuels in these tanks must be considered to be the likely cause of the plugging issues aboard the Liberty Peace." (Defendants Exh. 123, p. 15). Again, the allegation that the crew's and/or Liberty's negligence caused the casualty is asserted as affirmative defenses with respect to which Bomin bears the burden of proof in Bomin's Answer to the Complaint. The allegation that Liberty somehow negligently altered the bunkers supplied by Bomin was also asserted in the Answer as the Fourteenth Affirmative Defense, and therefore, Bomin was obligated under the Order to submit any such opinion on April 2 to give Liberty the opportunity to rebut the contention with expert evidence.

### The Report by Paul Foran

The report by Capt. Foran does not address any of Mr. Fisher's opinions as to the cause of the engine damage and blackout. Indeed, in his deposition, Capt. Foran expressly admitted that he

did not even attempt to address any of Mr. Fisher's opinions in his report (Foran, Tr. 20:1-10). Capt. Foran's report should be excluded on that basis alone. As with the other two experts, Capt. Foran's report should have been produced on April 2 to allow Liberty the opportunity to rebut his opinions on issues with respect to which Bomin has the burden of proof. According to Capt. Foran, the Vessel's loss of power and propulsion could have been avoided if the Master and Chief Engineer had not been negligent in failing to switch to an alternate fuel on board soon after Bomin's fuel started to cause engine problems (Defendants Exh. 122, pp. 10-11). Bomin, therefore, had the burden of proof on that issue.

Capt. Foran contends in his report that the Vessel sailed from her last port before the casualty in an unseaworthy condition caused by the generator problems encountered after the bunkers supplied by Bomin were fed to the generators (Defendants Exh. 122, pp. 4-8, 14). According to Capt. Foran, the Master was negligent in sailing in an unseaworthy condition and that the casualty sustained by the Vessel could have been avoided had the Vessel remained in port and not sailed in its allegedly unseaworthy condition. Again, Liberty should have been given the opportunity to rebut the contentions that the Vessel was unseaworthy and that the Master was "imprudent" or negligent in sailing in the condition caused by the off-spec fuel supplied by Bomin with its own expert evidence on these issues.

### III.  ARGUMENT

    **a. The Scheduling Order required the party with the burden of proof to produce its expert reports before those of the opposing party's experts.**

The Order provides in relevant part as follows:

> 7. a.  All expert discovery including expert depositions shall be completed under this Seventh Amended Plan no later than April 16, 2021.
>
>    b. No later than thirty(30) days prior to the date in paragraph 5, i.e., the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions,

> *provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).*

(Emphasis supplied)

The parties agreed on the following schedule for the disclosure of experts and production of expert reports:

> April 2 – The parties disclose their experts on issues with respect to which they bear the burden of proof and produce their reports and underlying documents
>
> April 9 – The parties disclose their rebuttal experts and produce their reports and underlying documents
>
> April 12 - 16 – Expert depositions

**b. Bomin deliberately defied the Order by producing expert reports with respect to which it had the burden of proof as rebuttal reports.**

Pursuant to that agreed schedule, on April 2 the parties produced expert reports with respect to which they bear the burden of proof. Liberty produced the report of Christopher Fisher in which he set forth his opinion on whether the contaminants in the fuel supplied by Bomin caused the casualty sustained by the Vessel. Bomin produced the report of Therese S. Ignozzi-Little in which she opined that the GCS were incorporated into the supply contract by virtue of trade usage.

Liberty produced the report of Adrian Tolson to rebut and contradict Ms. Ignozzi-Little's contentions. Instead of producing reports to rebut Mr. Fisher's opinion that the contaminants in the bunkers supplied by Bomin had caused the casualty, Bomin produced three separate reports contending that the casualty was caused by the contributory negligence of the Vessel's crew or of Liberty, an affirmative defense with respect to which Bomin has the burden of proof. Bomin's defiance of the express provisions of the Order deprived Liberty of the opportunity to present expert evidence on the negligence alleged by Bomin.

### c. Bomin has the burden of proof to prove the affirmative defense of contributory negligence.

The contract for the supply of bunkers to the Vessel falls under the admiralty and maritime jurisdiction of the Court. The defense of contributory negligence in admiralty as well under Fed. R. Civ. P. Rule 8(c) is an affirmative defense with respect to which the party asserting the defense bears the burden of proof. *The Anna O'Boyle, 124 F.2d 180, 1942 AMC 257 (2d Cir. 1941)*; *La Guerra v. Lloyd Brasileiro, 124 F.2d 553, 1942 AMC 195 (2d Cir.)*, *cert. denied*, 315 U.S. 824 (1942); *Benedict on Admiralty, Vol. 1, § 176.*

Every one of the "rebuttal" reports produced by Bomin on April 9 contends that the contributory negligence of Liberty and the Vessel's crew was the intervening cause for the casualty sustained by the Vessel. Bomin has the burden of proof with respect to the defense of intervening or contributory negligence. As such, Bomin had the obligation to produce the reports on April 2 to allow Liberty the opportunity to oppose and rebut with expert evidence the contentions made in Bomin's expert reports.

### d. Bomin's expert reports and any proffered testimony should be precluded from evidence.

Rule 403 of the Federal Rules of Evidence provides that a court may exclude evidence on the ground of unfair prejudice. In the instant case, Bomin deliberately violated the express order of the Court that it produce expert reports on issues with respect to which it has the burden of proof before those of the opposing parties. Bomin's actions deprived Liberty of the opportunity to present expert evidence opposing and rebutting the contentions made by Bomin's experts. It is respectfully submitted that the proper sanction is to preclude Bomin from either introducing the offending expert reports or any testimony in support of defenses with respect to which Bomin has the burden of proof.

For the foregoing reasons, this Court should find: (1) that Bomin violated the Seventh Case Management Plan and Scheduling Order by failing to submit on April 2, 2021 the three expert reports of Messrs. Daly, McCormack and Foran on the defense of contributory negligence with respect to which it had the burden of proof on April 2; (2) that Liberty has been prejudiced by not being able to rebut the contentions advanced by Bomin's experts with its own expert evidence; and (3) grant Liberty's Motion in Limine to preclude the reports of Messrs. Daly, Foran, and McCormack and proffered testimony from being introduced at trial.

Date: New York, New York
September 24, 2021

/s/ James D. Kleiner
James D. Kleiner
*Attorneys for Plaintiff*
Hill, Betts & Nash LLP.
14 Wall Street, Suite 5H
New York, NY 10005
Tele:(212)589-519
jkleiner@hillbett.com

/s/Tulio Prieto
Tulio Prieto
*Attorneys for Plaintiff*
Cardillo& Corbett
145 Hudson Street
New York, NY 10013
Tele: (212)344-0464
tprieto@cardillocorbett.com